## SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | I.D Nos. 1202006406, 1201018253, |
| | ) | 1402013417 |
| | ) | |
| DAVID T. YARBOROUGH, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

**AND NOW TO WIT,** this 30th day of January 2020, upon consideration of David T. Yarborough's ("Defendant") Fifth "Motion for Correction of an Illegal Sentence," under Rule 35, generally, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.      Defendant has an extensive procedural history in this Court. He is currently awaiting a decision from this Court on his Rule 61 Motion for Post-conviction Relief, and has written to this Court as recently as this month, seeking the same relief he has been requesting since 2015. For the reasons stated below, his request under Rule 35, is yet again, denied.

2.      On January 25, 2012, Defendant was arrested and charged with twenty-three offenses including Theft Greater than $100,000, Burglary Second Degree, and

1

Selling Stolen Property.[1] On February 13, 2012, Defendant was again arrested and charged with Burglary Second Degree, Theft of a Senior, and Conspiracy Second Degree.[2] On October 9 2012, Defendant was arrested on two charges each of Attempted Theft and Insurance Fraud.[3]

3. On February 20, 2014, Defendant was arrested and charged with two counts each of Attempted Assault First Degree, Criminal Solicitation Second Degree, and Stalking after he attempted to put out a hit on his former defense attorney and the prosecutor in his then pending burglary cases.[4]

4. On April 9, 2015, this Court held a plea hearing as to all four cases.[5] With the assistance of two seasoned defense attorneys, Eugene J. Maurer, Esquire and John S. Malik, Esquire, Defendant pled guilty to two charges of Attempted

---

[1] *State of Delaware v. David T. Yarborough*, Crim. ID No. 1201018253 (Del. Super. Ct. Jan. 25, 2012) [hereinafter "#1201018253"]. On April 2, 2012, Defendant was indicted. #1201018253, D.I. 5.

[2] *State of Delaware v. David T. Yarborough*, Crim. ID No. 1202006406 (Del. Super. Ct. Feb. 13, 2012) [hereinafter "#1202006406"]. On April 2, 2012, Defendant was indicted. #1202006406, D.I. 4.

[3] *State of Delaware v. David T. Yarborough*, Crim. ID No. 1210003158 (Del. Super. Ct. Oct. 9, 2012) [hereinafter "#1210003158"].

[4] *State of Delaware v. David T. Yarborough*, Crim. ID No. 1402013417 (Del. Super. Ct. Feb. 20, 2014) [hereinafter "#1402013417"]. On April 28, 2014, Defendant was indicted. #1402013417, D.I. 4. "Essentially, while out on bail, Defendant attempted to hire a 'hitman' (an undercover police officer) to assault both his then defense attorney . . . and the prosecutor for one of the pending cases. During this solicitation, Defendant indicated he only had available funds for one individual and an agreement was made for the hitman to attack Defendant's former defense counsel so that he would be 'permanently in a wheelchair.'" *State v. Yarborough*, No. 1201018253, 2019 WL 4954959, at *1 (Del. Super. Ct. Oct. 2, 2019).

[5] *See* Defendant's Plea Hearing at #1402013417, D.I. 29; #1202006406, D.I. 71; #1201018253, D.I. 103. [hereinafter "Def.'s Plea"].

2

Assault First Degree and two charges of Burglary Second Degree.[6] The plea agreement and Truth-in-Sentencing Guilty Plea Form clearly set out that the State would be seeking to have Defendant declared a habitual offender as to the two Burglary Second Degree charges that would each carry a minimum mandatory eight years and up to life in prison. The State also agreed to cap its recommendation to the minimum mandatory sentence of twenty years (eight years as to each Burglary Second Degree, and two years as to each Attempted Assault First Degree.) The State did not move to have Defendant declared habitual offender as to the Attempted Assault First Degree charges that would have mandated a minimum incarceration period of fifty years. The State further agreed to vacate Defendant's prior March 2015 convictions on three charges and to proceed to sentencing on a sole count of Insurance Fraud.[7] This Court ordered a PSI and scheduled the matter for sentencing.

5. On June 1, 2015, the State proceeded as agreed and filed a Motion to Declare Defendant a Habitual Offender under 11 *Del. C.* §§ 4214(a) and 4215(b).[8] At the sentencing hearing on October 2, 2015 before J. Silverman, defense counsel challenged for the first time whether Defendant met the requirement for habitual offender status. Attempting to equate his gambling issues to drug addiction,

---

[6] *See* Def.'s Plea.
[7] *See id.* "In case No 1210003158, Defendant was convicted in Kent County on March 19, 2015. The State will agree to have convictions on three charges vacated and the Defendant to be sentenced on a sole count of Insurance Fraud, IK 12-10-0805, with a recommended sentence of 2 years Level V suspended for probation."
[8] *See* #1402013417, D.I. 30 [hereinafter "HO Mot."].

3

Defendant objected to the declaration of habitual offender on the basis that the requisite time period for rehabilitation had not been met where one of the predicate offenses of Perjury Second Degree occurred approximately one month after he was sentenced for the offense of Identity Theft of a Senior.[9] Sentencing was postponed to give both sides an opportunity to brief the issues and present their arguments.

6. On October 12, 2015, the Court granted the State's Motion and declared Defendant a habitual offender under 11 *Del. C.* § 4214(a).[10] On December 10, 2015,[11] Defendant received his sentence in accordance with the plea agreement and the Court imposed the minimum mandatory sentence of twenty years of incarceration.[12]

---

[9] In the State's Motion to Declare Defendant a Habitual Offender, the charges were as follows: Identity Theft of a Senior with an offense date of on or about February 12, 2009; conviction June 16, 2009; Perjury Second Degree with an offense date of on or about July 20, 2009; conviction September 16, 2009; and Forgery Second Degree with an offense date of May 19, 2010; conviction October 13, 2010. *See* HO Mot.

[10] *See* Order Granting State's Motion to Declare Defendant a Habitual Offender at #1402013417, D.I. 38 [hereinafter "Order"].

[11] On October 26, 2015, Defendant's sentencing was continued to December 10, 2015. *See* #1402013417, D.I. 39; #1202006406, D.I. 99; #1201018253, D.I. 109.

[12] Defendant was sentenced as follows: (1) For the first Assault First Degree charge, he received ten years at Level V, suspended after two years at Level V, for eight years at Level IV DOC Discretion, suspended after nine months at Level IV DOC Discretion, for two years at Level III; (2) For the second Assault First Degree Charge, he received ten years at Level V, suspended after two years at Level V, for two years at Level III; (3) For the first Burglary Second Degree charge, he was declared a Habitual Offender, and was sentenced pursuant to 11 *Del. C.* § 4214(a) for this charge to eight years at Level V; and (4) For the second Burglary Second Degree charge, he was declared a Habitual Offender, and was sentenced pursuant to 11 *Del. C.* § 4214(a) for this charge to eight years at Level V. *See* Sentencing Calendar: Defendant Sentenced at #1402013417, D.I. 40; #1202006406, D.I. 99; #1201018253, D.I. 109 [hereinafter Def.'s Sentence].

7.    Defendant's procedural history is lengthy.[13]    On January 27, 2017, Defendant filed his first Motion for Postconviction Relief[14] and a Motion for Appointment of Counsel.[15]   On August 31, 2017, the Court denied Defendant's Motion for Appointment of Counsel and granted Defendant's request to amend his Motion for Postconviction Relief.[16] Between December 2017 and June 2018, Defendant also filed four additional Amended Motions for Postconviction Relief.[17] On August 21, 2019, Defendant filed a Memorandum in Support of his Motion for Postconviction Relief.[18]

8.    On   October   2,   2019,   Commissioner   Mayer   filed   a   Report

---

[13] On February 26, 2016, after reviewing Defendant's Motion to Vacate Habitual Offender Status, the State's Response, and Defendant's supplemental letter, the Court denied Defendant's Motion to Vacate. *See* #1402013417, D.I. 46; #1202006406, D.I. 106; #1201018253, D.I. 116. Defendant appealed his conviction. On September 28, 2016, the Supreme Court affirmed the judgment of the Superior Court. *Yarborough v. State*, 148 A.3d 688, 2016 WL 5462440 (Del. 2016) (TABLE).

[14] *See* #1402013417, D.I. 61; #1202006406, D.I. 114; #1201018253, D.I. 125.

[15] *See* #1402013417, D.I. 62; #1202006406, D.I. 115; # 1201018253, D.I. 126.

[16] In doing so, the Court considered supplemental submissions by Defendant's previous attorneys. *See* #1402013417, D.I. 75; #1202006406, D.I. 126; #1201018253, D.I. 137. Defendant appealed this decision. On October 26, 2017, the Supreme Court dismissed Defendant's appeal. *Yarborough v. State*, 173 A.3d 538, 2017 WL 4857126 (Del. 2017) (TABLE).

[17] *See* #1402013417, D.I. 83, 85; #1202006406, D.I. 133, 136; #1201018253, D.I. 143, 144; *see also* #1402013417, D.I. 95; *see also* #1202006406, D.I. 144; #1201018253, D.I. 152; *see also* #1402013417, D.I. 100. On May 25, 2018, Commissioner Mayer filed a letter indicating that Defendant's various Motions for Postconviction Relief had "created confusion with respect to the arguments being presented," and requested Defendant to comply to a new briefing schedule to consolidate his arguments into "one singular motion/memorandum[.]"  #1402013417, D.I. 99; #1202006406, D.I. 149; #1201018253, D.I. 155.

[18] *See* #1402013417, D.I. 118; #1202006406, D.I. 167; #1201018253, D.I. 171.

recommending that Defendant's Motion for Postconviction Relief be denied.[19]

9. Seven days later, on October 9, 2019, Defendant filed this, his fifth,[20] "Motion for Correction of an Illegal Sentence"[21] under Superior Court Criminal Rule 35(a).[22] In addition, on October 15, 2019, Defendant appealed the Commissioner's Recommendation under Rule 61.

10. On January 10, 2020, Defendant filed an additional letter to this Court stating that he would "just like to reiterate the following claim," and restates that "[i]t is evident that if [Defendant] had a drug addiction and was arrested 30 days later, Judge Silverman would have *denied* the State's motion[.]"[23] Because his recent letter seeks exactly the same relief under both Rule 61 and Rule 35, it is unclear whether it supplements his pending Rule 61 appeal or this Rule 35 motion. The Court will consider the supplement as to both pending matters.

11. Under Superior Court Criminal Rule 35(a), the Court "may correct an

---

[19] #1402013417, D.I. 122; #1202006406, D.I. 171; #1201018253, D.I. 175 [hereinafter "Comm'r Rep."].

[20] Prior to this Motion before the Court, Defendant filed four additional Motions for Correction of Sentence. *See* #1402013417, D.I. 56; #1202006406, D.I. 112; #1201018253, D.I. 122; *see also* #1402013417, D.I. 58; *see also* #1402013417, D.I. 77; #1202006406, D.I. 127; #1201018253, D.I. 138; *see also* #1402013417, D.I. 94; #1202006406, D.I. 143; #1201018253, D.I. 151. Defendant's Motions were denied. *See* #1402013417, D.I. 59; #1202006406, D.I. 113; #1201018253, D.I. 124.

[21] #1402013417, D.I. 123; #1202006406, D.I. 172; #1201018253, D.I. 176 [hereinafter "Def.'s Mot."].

[22] DEL. SUPER. CT. CRIM. R. 35(a).

[23] #1402013417, D.I. 128 (Defendant's letter refers to the same request made in this current motion, the request made in Defendant's Motion for Postconviction relief, and the request made in Defendant's letter moving for resentencing).

illegal sentence at any time."[24] Rule 35(a) is limited to situations where the sentence imposed: exceeds statutorily-authorized limits, violates double jeopardy, "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize."[25] The "narrow function" of Rule 35(a) is to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[26]

12.     In Defendant's Motion, he requests that this Court resentence him "without the Habitual Offender Declaration."[27] Defendant again argues that he "does not meet the criteria to have been sentenced [as] a Habitual Offender under 11 *Del. C.* § 4214(a)."[28] Defendant claims that he "had multiple convictions on September 16, 2009 without any chance for rehabilitation," making him "ineligible for Habitual Offender Sentencing."[29] This argument has been considered and rejected.[30] He rehashes the same failed arguments he has raised since 2015 through

---

[24] #1402013417, D.I. 128.
[25] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citations omitted). *See Ellerbe v. State*, 2017 WL 462144, at *1 (Del. Supr. Feb. 2, 2017) (quoting *Brittingham*, 705 A.2d at 578).
[26] *Brittingham*, 705 A.2d at 578 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)). *See also Ellerbe*, 2017 WL 462144, at *1.
[27] Def.'s Mot. at page 4.
[28] *Id.* at ¶ 6.
[29] *Id.*
[30] *See* Order.

his numerous applications to this Court and appeals to the Supreme Court.

13. In the Court's order declaring Defendant habitual in 2015, the Court made it clear that it considered Defendant's argument: *"Perhaps, for example,* if Defendant had been sentenced for a drug-related offense and 30 days later he committed another drug-related offense, it *could* be said that Defendant's rehabilitation turned on his receiving long-termed drug treatment[.]"[31] The Court then emphasized that this was not the case with Defendant and distinguished Defendant's offenses here; the subsequent offense involved perjury and that "Defendant simply lied."[32] Specifically, the Court held that "Defendant's criminal history leading up to his second, predicate offense and the subsequent perjury charge[,] . . . [did] not overlap and . . . Defendant had an adequate opportunity for rehabilitation."[33] Defendant's argument is speculative and far-reaching.

14. For these reasons, Defendant's arguments—then and now—remain incorrect and lack merit. The Supreme Court agreed.[34] This Court will not revisit this issue. Under Rule 35(a), this Court finds that Defendant's sentence does not exceed the statutory maximum,[35] does not implicate double jeopardy, and is neither ambiguous nor contradictory, and he is not entitled to relief.

---

[31] *See* Order.
[32] *Id.*
[33] *Id.*
[34] *Yarborough v. State*, 148 A.3d 688, 2016 WL 5462440 (Del. 2016) (TABLE).
[35] 11 *Del. C.* §§ 1447, 4205(b)(2).

15. Under Rule 35(b), where the essence of Defendant's argument is that he should be resentenced because he was sentenced in an illegal manner, this argument is also unavailing. First, Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[36] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[37] Here, he continues to rehash his failed argument in order to reduce his sentence. The bar to repetitive motions has no exception. It is absolute and flatly "prohibits repetitive requests for reduction of sentence."[38] Thus, his fifth motion for resentencing is barred as repetitive.

16. Even if it was not repetitive, it is also barred as untimely. "A motion seeking the correction of a sentence imposed in an illegal manner is subject to the 90–day limitation period under Rule 35(b)."[39] Defendant's motion was filed well in excess of the ninety days following imposition of the sentence. The Court finds no "extraordinary circumstances" that would justify further consideration.[40]

17. Further, as outlined, the sentence was imposed pursuant to a Plea

---

[36] DEL. SUPER. CT. CRIM. R. 35(B) (emphasis added).
[37] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[38] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. 2002). *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. 2004) (defendant's "motion was repetitive, which also precluded its consideration by the Superior Court.").
[39] *Webb v. State*, 935 A.2d 256 (Del. 2007) (citing DEL. SUPER. CT. CRIM. R. 35(a)).
[40] *See* DEL. SUPER. CT. CRIM. R. 35(A), (B) (providing in pertinent part that "[t]he court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances").

Agreement.[41] After an appropriate colloquy, the Court addressed Defendant in open court and determined that he understood the nature of the charge to which the plea was offered. He fully acknowledged in open court that the range of possible penalties included his eligibility to be sentenced as a Habitual Offender.[42] At sentencing, Defendant also thanked his attorneys for their work.[43]

18. Finally, Defendant is serving a minimum mandatory sentence. Rule 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.[44] Therefore, this Court cannot modify or reduce a minimum mandatory sentence.

19. In sum, to the extent his motions are re-packaged, Defendant is not entitled to relief under Rule 35. The sentence remains appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Correction of Illegal Sentence is **DENIED**.

_____
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Department of Justice
    Investigative Services
    Defendant

---

[41] *See* Def.'s Plea. The Court emphasizes that, in his current motion, Defendant does not challenge the validity of this Guilty Plea Agreement, the Truth-In-Sentencing form, or the guilty plea colloquy.
[42] *See id.*
[43] Oct. 2015 Trans. At pp. 16-17.
[44] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).

10